UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(Riverside)

_____

IN RE:                                              Case No.   6:23-bk-13929-RB
KELLY TRAN,

                 Debtor.                        Chapter  7
_____

FIRST NATIONAL BANK OF OMAHA,       **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a) (2) (C) AND/OR §523 (a) (2) (A)**

                 Plaintiff,

        v.

KELLY TRAN,                                       A.P. No. 23-ap-_____.

                 Defendant.                    Hon. Judge Reyes Bordeaux
_____

    The Plaintiff, First National Bank of Omaha, by and through its attorney, and for its Complaint against the Debtor, avers and alleges as follows:

### I. Parties and Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.
2. This matter is a core proceeding pursuant to 28 U.S.C. §157.
3. The Debtor filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on August 30, 2022.
4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of a debt in this bankruptcy.
5. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

### II. Facts and Background

6. The Debtor, Kelly Tran, was issued a credit card account by First National Bank of Omaha, number xxxx-xxxx-xxxx-4753, which account was opened on July 29, 2016.

7. On July 5, 2023, the account was in good standing and the balance of the abovementioned account was $215.26.

8. Then between July 5, 2023 and September 3, 2023, i.e., after the Debtor filed bankruptcy, the Debtor started charging excessively and charged $5,968.18 on the Account.
*See* Exhibit A, a true and accurate copy of the billing statements attached hereto.

9. The Debtor's charges on the account during this time-period, included, but were not limited to:
   a) A charge at Harrahs in the amount of $180.00;
   b) A charge at Southern Cal in the amount of $328.42;
   c) A charge at HOA Binh in the amount of $176.00;
   d) A charge at Ontario Mills in the amount of $494.68; and
   e) Multiple charges at PayPal.

*See* Exhibit A, a true and accurate copy of the billing statements attached hereto.

10. The Debtor paid her bankruptcy attorney on June 22, 2023 and then started charging excessively on the account.

11. The Debtor was rarely using this account prior to the above-burst in spending.

12. Given the Debtor's monthly income, monthly living expenses, and circumstances as set forth in her sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $5,968.18 in charges, the Debtor's monthly disposable income was not sufficient to pay for these transactions pursuant to the terms and conditions associated with the account.

### III. First Cause of Action

13. Paragraphs 1 through 12 are hereby repeated and incorporated as if fully set forth herein.

14. The Debtor made approximately $3,798.42 in purchases on the abovementioned account within 90 days of filing bankruptcy.

15. To the extent that the Debtor incurred luxury good purchases or services aggregating more than $800.00 within ninety days of filing this Chapter 7 bankruptcy, said luxury good purchases or services are presumed nondischargeable pursuant to 11 U.S.C. §523 (a) (2) (C)(i).

16. Based on the location, frequency, and large transactions, the charges made during the 90-day period appear to be for luxury and/or non-necessity type goods or services.

17. Upon information and belief, the $5,968.18 in charges made during the 90-day period were for luxury and/or non-necessity type goods or services and should not be discharged.

18. Based on the foregoing, the charges incurred for luxury goods or services over $800.00 are non-dischargeable pursuant to 11 U.S.C. §523 (a) (2) (C).

### IV. Second Cause of Action

19. Paragraphs 1 through 18 are hereby repeated and incorporated as if fully set forth herein.

20. Pursuant to the account agreement, the Debtor agreed to repay Plaintiff for the charges on the account by using the card and represented that she had the ability to repay for the charges.

21. When the Debtor made the $5,968.18 in charges on this account, the Debtor represented that she had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement and by use of the card.

22. The dates, places, and items purchased during the relevant time period are listed in the account statements marked Exhibit A, and attached hereto.

23. The Plaintiff relied upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Debtor to use this account and incur the $5,968.18 in charges, as set forth in Exhibit A, attached hereto.

24. Although the Debtor knew or should have known that she would not be able to repay Plaintiff for the charge, the Debtor continued using the card.

25. The Plaintiff monitored the Defendant's card activity and credit worthiness on a monthly basis and there were no "red flags" or indications that Defendant would not repay Plaintiff for these charges.

26. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.

27. The Debtor's spending habits and patterns changed suddenly and drastically at the time the charges in question took place.

28. The Debtor was rarely using this account prior to the above spending, then paid her bankruptcy attorney and started charging excessively on the account, was making multiple charges on the same day and then attempted to have that debt discharged by filing for this bankruptcy case.

29. The Debtor incurred the abovementioned $5,968.18 in charges on the Plaintiff's account at a time when the Debtor was unable to meet her existing financial obligations as they became due.

30. Based upon the above, at the time the Debtor incurred the abovementioned $5,968.18 in charges, the Debtor intended to deceive the Plaintiff in that she either had no intention to repay said debt to

the Plaintiff pursuant to the terms of the account agreement or the Debtor knew or should have known that she had no ability to repay said debt to the Plaintiff.

31. Based upon the above, at the time the Debtor incurred the abovementioned $5,968.18 in charges, the Debtor deceived the Plaintiff in that she made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the debtor was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

32. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $5,968.18 and for the above reasons, this indebtedness to Plaintiff, First National Bank of Omaha, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

### VI. Prayer for Relief

**WHEREFORE,** Plaintiff, First National Bank of Omaha, respectfully prays that this Court:

A. Determine that the Debtor's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (A).

B. Grant judgment to the Plaintiff, First National Bank of Omaha, against the Debtor, Kelly Tran, in the amount of $5,968.18 plus the $350.00 Adversary Proceeding filing fee, for a total of $6,318.18, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action as permitted by applicable law, and

C. Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated:  December 4, 2023

FIRST NATIONAL BANK OF OMAHA

By: /s/ Cory J. Rooney
Cory J. Rooney, #235838
P.O. Box 382
Omaha, NE  68101
Phone:  402.933-9865
Email:  rooneylaw@outlook.com
Attorney For Plaintiff